[Crim. No. 4410. Fourth Dist., Div. One. Oct. 14, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
WARREN SCOTT WILLIAMS, Defendant and Appellant.

## COUNSEL

Edwin A. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Herbert A. Levin, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**— Convicted of possessing marijuana (Health & Saf. Code, § 11530), defendant Warren Williams appeals on the meritorious ground there was insufficient cause for deputy sheriffs to approach the car he was in, investigate and detain him (*People* v. *Moore,* 69 Cal.2d 674 [72 Cal.Rptr. 800, 446 P.2d 800]; *People* v. *Superior Court,* 3 Cal.3d 807 [91 Cal.Rptr. 729, 478 P.2d 449]; *Remers* v. *Superior Court,* 2 Cal.3d 659 [87 Cal.Rptr. 202, 470 P.2d 11]). The prosecution rested its court-tried case on the preliminary transcript.

At about 8:40 p.m., on February 24, 1970, San Diego County Deputy Sheriffs Gary Fisher and Ronald Schweitzer drove into a paved rest area connected with Highway 80 near Alpine, California. The area had no lighting facilities. A few cars were in the rest area, perhaps three. The officers' attention was attracted to a Ford when its lights came on. As their own headlights shone on the Ford while they approached it from the rear, the officers saw Williams, one of three persons in the car, occupying the passen-

ger seat on the right, turn and look in their direction. Williams returned to "his original position and bent forward, almost out of our view." He then resumed his normal posture and "looked at us," as the officers stopped to the left of the Ford. Solely because of these observations, the officers went to the Ford, one to each side, questioned and detained the occupants.[1]

A rest area at the side of the highway is a place available for persons to stop and rest during their journeys, and this is particularly apt at night when the need for rest is greater, in order that they may continue their travels with safety and care. Williams was in a place where he had a right to be. The Ford's lights' coming on suggests no improper or suspicious conduct; if anything, the lights suggest the Ford's occupants might be preparing to leave, nothing wrong in itself, perhaps being apprehensive lest the approaching car contain bandits. It is a perfectly natural act for anyone to look in the direction of an approaching car. If Williams had made his forward movement knowing officers were approaching, possibly such a movement might have some significance. Here, nothing suggests Williams knew they were officers as he stared into the fullness of their headlight beams, and moved with the lights trained upon him. The officers had not signaled with red light or siren or in any other manner conveyed the message they were officers approaching by car.

The two circumstances here—the Ford's turned on headlights and Williams' movement—taken together or individually, did not supply sufficient cause for the officers to approach and detain Williams (*People* v. *Superior Court, supra,* 3 Cal.3d 807, 817-830; *Remers* v. *Superior Court, supra,* 2 Cal.3d 659, 664). Indeed, their own conduct was illegal (*People* v. *Moore, supra,* 69 Cal.2d 674, 680, 682-683). We conclude the detention and search which followed were prompted by general curiosity, were unrelated to probable cause, and violated both the spirit and the letter of the Fourth Amendment.

Judgment reversed.

Ault, J., and Coughlin, J.,* concurred.

A petition for a rehearing was denied November 3, 1971, and respondent's petition for a hearing by the Supreme Court was denied December 9, 1971.

---

[1]Officer Schweitzer talked to Williams, asking him what he was doing there. Williams responded they were out for a ride and they were going to Alpine. Schweitzer asked for and Williams gave him identification. Because Williams appeared to be extremely nervous, he was shaking and his voice was cracking, Schweitzer ordered him to step from the car. During a patdown procedure, Williams produced a baggie of marijuana. Upon arresting Williams, Schweitzer searched the Ford and found a baggie of marijuana and a copper pipe under the passenger's seat.

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.